Osborne, J.
Defendant is a corporation operating a street railroad by means of cable power over Park avenue and other streets in this city. For the purpose of operating the road a tunnel or trough is laid beneath the surface of the street, through which the cable runs. On the top of this trough is an opening or slot through which the grip from the car is attached to the moving cable, thus communicating the motive power to the car; this opening or slot is intended to be, and rightfully may be, three-fourths of an inch in width.
On March 10, 1887, the plaintiff,. an expressman, was driving his horse along Sumner avenue, and, while crossing Park avenue, the calk on the shoe of one of the hind legs of the horse caught in the slot, and the horse was so badly injured thereby that he had to be shot. Thereupon plaintiff brought this action to recover damages for the loss of his horse, and recovered a judgment for $196.08 damages and costs,.from which judgment and the order denying a motion for a new trial defendant brings this appeal.
*173 On the trial plaintiff claimed that defendant was negligent in the construction of the slot, in that it was an inch in width at the place where the horse was injured, when it should only have been three-fourths of an inch in width; and that the excessive width caused the injury to the horse, and testimony was offered by him to sustain this contention. Defendant claimed that the slot was but three-fourths of an inch wide, or as near -that as it was possible to be made, and that any deviation therefrom was insignificant, and that" no negligence was shown on its part.
Clearly this issue was one which it was the duty of the trial court to submit to the jury. We have carefully gone over the charge of the learned judge before whom this case was tried, and are of the opinion that the whole case was submitted to the jury as favorably to the defendant as it could properly expect. The only exception to the charge taken by the learned counsel for the defendant was to that portion of the charge which left it to the jury to decide if defendant was careless or negligent in maintaining the slot in the street. As before stated, in the face of the conflict of testimony, as to the width of the slot, and_ as to whether the alleged excessive width caused the injury complained of, it was eminently proper that these questions should be left to the jury. The jury having by their verdict found in favor of the plaintiff we can see no reason for disturbing their finding.
The judgment and order denying motion for new trial should be affirmed, with costs.
Van Wyck, J., concurs.